(35 Misc. Rep. 82.)

### NEW YORK UNIVERSITY v. LOOMIS LABORATORY.

(Supreme Court, Special Term, New York County.   May, 1901.)

TRUST—ENFORCEMENT—EVIDENCE.

> In an action to enforce a trust in certain property of a laboratory in favor of the medical department of a university, the creator of the alleged trust testified that he had not created, and had not intended to create, a trust for the benefit of the plaintiff.   Laws 1887, c. 329, creating the laboratory, authorized it to hold property for its own purposes, and to convey its property to the university, and that, upon such conveyance being made, the laboratory should cease to exist, but gave it no authority to hold property in trust.   *Held*, that the action should be dismissed.

Action by the New York University against the Loomis Laboratory to impress a trust.   Complaint dismissed.

Duer, Strong & Whitehead, for plaintiff.
Chas. E. Miller, for defendant.

TRUAX, J.   The right of the plaintiff to obtain the relief asked for in the complaint depends on proving the allegation contained in the complaint, that a trust for the benefit of the plaintiff affecting the property mentioned and described in the complaint had been created.   This trust, as stated in the complaint, was that the property mentioned and described in the complaint should be handed over to a board of trustees, which was to hold it in trust for the exclusive use of the faculty and students of the medical department of the New York University.   If that allegation has been proved, plaintiff is entitled to the relief asked for;   if that allegation has not been proved, plaintiff is not entitled to such relief.   The burden of sustaining the allegation by competent evidence rests upon the plaintiff.   Now, whatever the parties may have intended

to do in 1886, what the evidence shows they did does not establish a trust in the property of the kind set up in the complaint for the benefit of the plaintiff. The creator of the alleged trust was called as a witness on the trial, and testified, in effect, that he had not created, and, in fact, had not intended to create, a trust for the benefit of the plaintiff. Perhaps the best evidence of what was done is to be found in the act creating the defendant, which act was passed for the purpose of carrying out the wishes, and, for that reason, must be supposed to express the wishes, of the creator of the alleged trust. That act (Laws 1887, c. 329) authorizes the defendant to hold real estate (in trust or perpetuity or otherwise) for the purpose of establishing, supporting, and maintaining in the city of New York an institution for the promotion of original research in chemistry, biology, pathology, and for elementary teaching in those branches. Nothing in the act authorizes it to hold property in trust for the plaintiff. That act also authorizes the trustees of the defendant to convey to the plaintiff, and this means to convey in fee, all the property, both real and personal, and also provides that on such conveyance the corporation created by the act shall cease to exist. For the reasons above stated, the complaint is dismissed, with costs.

Complaint dismissed, with costs.